UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Christopher Williams,<br>                    Plaintiff,<br><br>vs.<br><br>Corey H. Fleming, *counsel on record*,<br><br>                    Defendant. | ) C/A No. 9:14-3514-RMG-BM<br>)<br>)<br>) REPORT AND RECOMMENDATION<br>)<br>)<br>)<br>)<br>) |

The Plaintiff, Christopher Williams, proceeding pro se and in forma pauperis, brings this action against attorney Corey H. Fleming, presumably pursuant to either 42 U.S.C. § 1983 or Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388, 397 (1971).[1] Plaintiff is a federal prisoner incarcerated at USP-Coleman-Low in Coleman, Florida.

Under established local procedure in this judicial district, a careful review has been made of the pro se Complaint pursuant to the procedural provisions of 28 U.S.C. § 1915 and § 1915A, the Prison Litigation Reform Act, Pub.L. No. 104–134, 110 Stat. 1321 (1996), and in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992), Neitzke v. Williams, 490 U.S. 319 (1989), Haines v. Kerner, 404 U.S. 519 (1972), Nasim v. Warden, Maryland House of Corr., 64 F.3d 951 (4th Cir. 1995), and Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983). Pro se complaints are held to a less stringent standard than those drafted by attorneys, Gordon v. Leeke, 574

---

[1] Bivens established a direct cause of action under the United States Constitution against federal officials for the violation of federal constitutional rights. See Carlson v. Green, 446 U.S. 14, 18 (1980); see also Holly v. Scott, 434 F.3d 287, 289 (4th Cir. 2006). A Bivens claim is analogous to a claim brought against state officials under 42 U.S.C. § 1983; therefore, caselaw involving a § 1983 claim is applicable in a Bivens action, and vice versa. See Harlow v. Fitzgerald, 457 U.S. 800, 818 n. 30 (1982).



F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a pro se complaint to allow the development of a potentially meritorious case. Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972); Erickson v. Pardus, 551 U.S. 89, 93 (2007) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555–56 (2007)).

However, even when considered pursuant to this liberal standard, for the reasons set forth herein below this case is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990); see also Ashcroft v. Iqbal, 556 U.S. 662 (2009) [outlining pleading requirements under the Federal Rules of Civil Procedure].

## Discussion

Plaintiff states that he was charged with conspiracy to possess with intent to distribute 280 grams or more of cocaine base, conspiracy to possess with intent to distribute a quantity of cocaine base, and conspiracy to commit mail and wire fraud. He entered a guilty plea on October 30, 2012; was sentenced on June 14, 2013; and judgment was entered on June 18, 2013, sentencing Plaintiff to thirty-seven (37) months imprisonment.[2] Plaintiff alleges that he advised the Defendant, his criminal defense attorney, to file a direct appeal in the case, but that the Defendant failed to do so. Plaintiff asserts that the Defendant (presumably at a later time) told Plaintiff that he (Defendant) did not remember discussing filing an appeal, that Attorney General policy did not help the Plaintiff,

---

[2]Records in this Court, in United States v. Williams, Civil Action Number 2:12-CR-00499-RMG-2 (D.S.C.), indicate Plaintiff pled guilty to Use of Communications Facility-Controlled Substance-Distribution, and that the two other Counts against Plaintiff were dismissed on motion of the United States. See Aloe Creme Labs., Inc. v. Francine Co., 425 F.2d 1295, 1296 (5th Cir. 1970) [a federal court may take judicial notice of the contents of its own records].

and that he [the Defendant] would certainly have filed a direct appeal if Plaintiff had asked him to do so. Plaintiff then filed his own pro se notice of appeal in January 2014; Complaint at 4-5; following which the Fourth Circuit Court of Appeals affirmed the decision of the District Court. United States v. Williams, 2014 WL 3703033 (4th Cir. July 28, 2014). In the present action, Plaintiff requests one million dollars in damages or alternatively a trial by jury.

While Plaintiff does not state the basis for his claims, it is assumed that he is attempting to assert a constitutional claim pursuant to § 1983 or Bivens. In order to state a cause of action under § 1983/Bivens, a plaintiff must allege that: (1) "some person has deprived him of a federal right", and (2) "the person who has deprived him of that right acted under color of state or [federal] law." Gomez v. Toledo, 446 U.S. 635, 640 (1980). See also 42 U.S.C. § 1983; Monroe v. Pape, 365 U.S. 167 (1961). However, Plaintiff has provided no factual information to indicate that the Defendant, a private attorney, is in any way associated with the state or federal government. Further, an attorney, whether retained, court-appointed, or a public defender, does not act under color of state law. See Polk County v. Dodson, 454 U.S. 312, 317-324 nn. 8-16 (1981)["A lawyer representing a client is not, by virtue of being an officer of the court, a state actor 'under color of state law' within the meaning of § 1983."]; Hall v. Quillen, 631 F.2d 1154, 1155–1156 & nn. 2–3 (4th Cir.1980) [court-appointed attorney]; Deas v. Potts, 547 F.2d 800 (4th Cir. 1976) [private attorney]. Plaintiff also cannot seek a reversal of his conviction through the filing of a civil rights action. See Abella v. Rubino, 63 F.3d 1063, 1066 (11th Cir.1995) [applying Preiser v. Rodriquez, 411 U.S. 475 (1973) to dismiss a civil rights action for injunctive relief under Bivens that would overturn a conviction]. Therefore, the Defendant is entitled to dismissal of any federal claims being asserted.

3

Liberally construed, Plaintiff may also be attempting to raise state law causes of action in his Complaint, such as negligence or legal malpractice, against the Defendant. State law causes of action could be cognizable in this court under the federal diversity statute, if that statute's requirements are satisfied. See Cianbro Corp. v. Jeffcoat & Martin, 804 F.Supp. 784, 788–91 (D.S.C.1992). However, in the absence of diversity of citizenship between the parties, such traditionally state-law based claims may not considered by this Court. See DeShaney v. Winnebago County Dep't of Soc. Servs., 489 U.S. 189, 200–03, (1989) [42 U.S.C. § 1983 does not impose liability for violations of duties of care arising under state law]; cf. Mitchell v. Holler, 429 S.E.2d 793 (1993) [legal malpractice case heard in state court].

The diversity statute, 28 U.S.C. § 1332(a), requires complete diversity of parties and an amount in controversy in excess of seventy-five thousand dollars ($75,000.00). Complete diversity of parties in a case means that no party on one side may be a citizen of the same state as any party on the other side. Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 372-74 & nn.13-16 (1978). Here, this Court has no diversity jurisdiction over Plaintiff's state law claims because complete diversity of parties is absent. Plaintiff alleges that the Defendant is a South Carolina resident,[3] and Plaintiff's Answers to Court's Special Interrogatories indicate that he is also a South Carolina resident. Although Plaintiff is currently incarcerated in Florida, for diversity purposes a prisoner's domicile is presumed to be where he was domiciled prior to incarceration. See Roberts v. Morchower, 956 F.2d 1163, 1992 WL 42885, at *1 (4th Cir. 1992); Polakoff v. Henderson, 370 F. Supp. 690 (N.D.Ga.1973), aff'd, 488 F.2d 977 (5th Cir. 1974); see, e.g., Ownby

---

[3]Plaintiff listed Defendant's address as Beaufort, South Carolina in both the Complaint and in proposed service documents. See Complaint, ECF No. 1 at 4; ECF No. 11 at 1-2.

4

v. Cohen, 19 F.Supp.2d 558, 563 (W.D.Va. 1998) (citing Price v. Carr–Price, 23 F.3d 402 (4th Cir. 1994) (unpublished)); see also Smith v. Cummings, 445 F.3d 1254, 1260 (10th Cir. 2006); Sullivan v. Freeman, 944 F.2d 334, 337 (7th Cir. 1991); Stifel v. Hopkins, 477 F.2d 1116, 1126–27 (6th Cir. 1973).[4]

In response to special interrogatories, Plaintiff answered that he lived in South Carolina immediately before he was placed in federal custody, he considers South Carolina to be his "home state" or state of residence when he was not incarcerated, and upon release he intends to return to the state he was living in immediately before he was placed in federal custody (South Carolina). Plaintiff's Answers to Court's Special Interrogatories, ECF No. 12. Thus, Plaintiff fails to show a basis for diversity jurisdiction for any of his claims asserted under state law.

### Recommendation

Based on the foregoing, it is recommended that the Court dismiss Plaintiff's Complaint without prejudice and without issuance and service of process. Plaintiff may pursue a legal malpractice claim against the Defendant, if he desires to do so, in state court.

Plaintiff's attention is directed to the important notice on the next page.

_____
Bristow Marchant
United States Magistrate Judge

September 26, 2014
Charleston, South Carolina

---

[4]This presumption may be rebutted by an inmate's bona fide intention to change domicile. See Jones v. Hadican, 552 F.2d 249 (8th Cir.), cert. denied, 431 U.S. 941 (1977). Here, however, Plaintiff's answers to the Court's special interrogatories, cited hereinabove, reveal no intention to change domicile.

5

## Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).



6