IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Christopher Williams, ) | |
| ) | No: 9:14-3514-RMG |
| Plaintiff, ) | |
| ) | **ORDER** |
| ) | |
| v. ) | |
| ) | |
| Corey H. Fleming, *counsel on record*, ) | |
| ) | |
| Defendant. ) | |
| ) | |

This matter is before the Court on the Report and Recommendation ("R&R") of the Magistrate Judge recommending that the Court dismiss the Plaintiff's Complaint. (Dkt. No. 17). Plaintiff has not filed an objection to the Magistrate Judge's recommendation. For the reasons set forth below, the Court agrees and ADOPTS the R&R as the order of the Court. Accordingly, Plaintiff's Complaint is DISMISSED without prejudice and without issuance of service of process.

### Legal Standard

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *Matthews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a *de novo* determination of those portions of the R&R to which specific objection is made. Here, however, because no objection has been made, this Court "must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P 72 advisory committee note). Moreover, in the absence of specific objections to the R&R,

the Court need not give any explanation for adopting the Magistrate Judge's analysis and recommendation. *See Camby v. Davis*, 718 F.2d 198, 200 (4th Cir. 1983).

## Discussion

On October 30, 2012, Plaintiff entered a guilty plea to Use of Communications Facility-Controlled Substance-Distribution. (Dkt. No. 17). On June 14, 2013, Plaintiff was sentenced and subsequently, on June 18, 2013, judgment was entered sentencing Plaintiff to thirty-seven (37) months imprisonment. (Dkt. No. 1). In his complaint, Plaintiff alleges that he advised Defendant, his private criminal defense attorney, to file a direct appeal in the case and that Defendant failed to do so. (*Id.*). Thereafter, Plaintiff filed his own pro se Notice of Appeal in January 2014. (*Id.*). On July 28, 2014, the Fourth Circuit Court of Appeals affirmed the decision of the District Court. (Dkt. No. 17).

Plaintiff now brings this pro se action against his attorney requesting one million dollars in damages or, in the alternative, a trial by jury. (Dkt. No. 1). However, Plaintiff does not state the basis for his claims. Consequently, the Court construes Plaintiff's pleadings as an attempt to assert a constitutional claim pursuant to §1983 or *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 397 (1971).[1]

First, Plaintiff's claims brought pursuant to § 1983 or *Bivens* are subject to summary dismissal because there has been a clear failure in the pleadings to allege facts which set forth a cognizable claim in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F. 2d 387 (4th Cir. 1990); *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

---

[1] *Bivens* established a direct cause of action under the United States Constitution against federal officials for the violation of federal constitutional rights.

2

To state a cause of action under § 1983 or *Bivens* a plaintiff must allege that 1) "some person has deprived him of a federal right" and 2) "the person who has deprived him of that right acted under color of state law or [federal] law." *Gomez v. Toledo*, 446 U.S. 635, 640 (1980).[2]

In the present case, Plaintiff's pleadings have failed to put forth any allegations indicating that Defendant is associated with the state or federal government. Thus, Plaintiff's pleadings do not meet the threshold pleading requirement necessary to bring a § 1983 or *Bivens* action.

Additionally, Plaintiff's Complaint may be liberally construed to assert state law causes of action for either negligence or malpractice. However, this Court does not have subject matter jurisdiction to hear these state law claims.

The diversity statute, 28 U.S.C. § 1332(a), requires complete diversity of parties and an amount in controversy in excess of seventy-five thousand dollars ($75,000.00) in order for a federal court to take jurisdiction over a case. Here, it is uncontested that Defendant is a resident of South Carolina. Additionally, although Plaintiff is incarcerated in Florida, he remains domiciled, for purposes of the diversity statute, in South Carolina. *See Roberts v. Morchower*, 956 F.2d 1163 (4th Cir. 1992) ("a prisoner's domicile is presumed to be where he was domiciled prior to incarceration.") (citing *Polakoff v. Henderson*, 370 F.Supp. 690 (N.D.Ga.1973), aff'd, 488 F.2d 977 (5th Cir.1974)). Furthermore, Plaintiff's Answers to the Court's Special Interrogatories affirm that he is a resident of South Carolina (Dkt. No. 12). Therefore, this Court does not have jurisdiction to hear Plaintiff's state law claims because Plaintiff and Defendant are both South Carolina residents, and thus, diversity of citizenship is lacking.

## Conclusion

---

[2] A *Bivens* claim is analogous to a claim brought against state officials under § 1983, and thus, case law involving a § 1983 claims is applicable in a *Bivens* action. *Harlow v. Fitzgerald*, 457 U.S. 800, 818 n. 30 (1982).

3

The District Court **ADOPTS** the Magistrate Judge's R&R (Dkt. No. 17) as the order of the Court. Accordingly, Plaintiff's Complaint is **DISMISSED** without prejudice and without issuance of service of process. Plaintiff may pursue a legal malpractice claim against Defendant, if he desires to do so, in state court.

**AND IT IS SO ORDERED**

_____
Richard M. Gergel
United States District Court Judge

November 6, 2014
Charleston, South Carolina